NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WILLIAM H. GILLIAM,<br><br>    Debtor.<br>_____<br><br>WILLIAM H. GILLIAM,<br><br>    Appellant,<br><br>  v.<br><br>GEORGE R. ROBINSON,<br><br>    Appellee. | No. 20-17165<br><br>D.C. No. 1:20-cv-00194-JMS-WRP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Chapter 13 debtor William H. Gilliam appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Gilliam's requests for oral argument, set forth in his briefs, are denied.

court's judgment affirming the bankruptcy court's orders regarding certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Invs., Inc.* (*In re Raintree Healthcare Corp.*), 431 F.3d 685, 687 (9th Cir. 2005). We affirm.

The bankruptcy court did not err by granting Robinson's motions for a determination that the real property is not property of the bankruptcy estate and for relief from the automatic stay, or by denying Gilliam's motion to turn over the property, after concluding that Gilliam has no ownership interest in the real property. *See Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (standard of review for orders granting relief from an automatic stay); *Tighe v. Celebrity Home Entm't Inc. (In re Celebrity Home Entm't, Inc.)*, 210 F.3d 995, 997 (9th Cir. 2000) (standard of review for bankruptcy court's interpretation of the Bankruptcy Code); *see also* 11 U.S.C. § 542 (governing turnover of property of the estate); *In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008) ("[W]e accept findings of fact made by the bankruptcy court unless these findings leave the definite and firm conviction that a mistake has been committed . . . ." (citation and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion by denying Gilliam's

motion for reconsideration because Gilliam failed to demonstrate any basis for relief. *See* Fed. R. Bankr. P. 9023, 9024 (making Fed. R. Civ. P. 59 and 60 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59 or 60).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Gilliam's motion to accept the late-filed reply brief (Docket Entry No. 15) is granted. The Clerk will file the reply brief submitted at Docket Entry No. 14.

Gilliam's motion to supplement the record (Docket Entry No. 15) is denied.

**AFFIRMED.**

20-17165